NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0178n.06

No. 10-2063

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Feb 13, 2012**

LEONARD GREEN, Clerk

| | |
|---|---|
| JUAN WALKER, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF MICHIGAN |
| SHIRLEE A. HARRY, | ) |
| | ) |
| Respondent-Appellee. | ) |
| | ) |

Before: COOK, MCKEAGUE, and ROTH, Circuit Judges.[*]

COOK, Circuit Judge. Juan Walker appeals the district court's denial of his habeas petition. We granted an expanded Certificate of Appealability on two issues: 1) whether the state trial court's decision to admit testimony regarding a dying victim's non-verbal identification violated Walker's rights under the Sixth Amendment Confrontation Clause; and 2) whether the state appeals court properly rejected Walker's ineffective assistance of counsel claim. We affirm.

A jury convicted Walker for the murder of Tommie Lee Baines, who died from three gunshot wounds inflicted by a 9mm handgun. Police transported Baines to the hospital shortly after the shooting, and doctors performed two surgeries on Baines during the next few days. The surgeries proved unsuccessful, and Baines died from his injuries four days after the shooting. According to

---

[*] The Honorable Jane R. Roth, United States Court of Appeals for the Third Circuit, sitting by designation.

Baines's mother, on the day before Baines died, she asked him whether Walker was the shooter. Baines nodded his head in the affirmative. At trial, Walker moved to suppress as hearsay the testimony of Baines's mother regarding the head nod. The state trial court concluded that the nod fell within the "dying declaration" exception to Michigan's hearsay rule and denied Walker's motion.

While Walker's direct appeal pended, the Supreme Court decided *Crawford v. Washington*, 541 U.S. 36 (2004). The *Crawford* Court held that the Confrontation Clause bars the use of "testimonial" hearsay in criminal trials. *See id.* at 51-52. Walker filed a supplemental brief with the Michigan Court of Appeals, citing *Crawford* and arguing that testimony regarding the nod violated his Confrontation Clause rights. The court rejected Walker's argument and affirmed. After the Michigan Supreme Court denied him leave to appeal, 705 N.W.2d 133 (Mich. 2005), and the United States Supreme Court denied his petition for a writ of certiorari, 549 U.S. 844 (2006), Walker filed his habeas petition with the district court, raising both Confrontation Clause and ineffective assistance claims. The district court denied both claims. This appeal followed.

Section 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

Walker argues that the Michigan Court of Appeals's rejection of his Confrontation Clause challenge was "clearly erroneous and objectively unreasonable." We disagree. To the extent that Walker challenges the state court's finding that the alleged nod was a "dying declaration" under Michigan's evidentiary rules, that claim is not cognizable on federal habeas review because "State Court rulings on the admissibility of evidence may not be questioned in a federal habeas proceeding unless [they] raise[] a federal constitutional question." *Bell v. Arn*, 536 F.2d 123, 125-26 (6th Cir. 1976).

The district court correctly rejected Walker's *Crawford* argument as well. Far from being "clearly established Federal law, as determined by the Supreme Court of the United States," the Supreme Court has refrained from ruling on the status of dying declarations under the Confrontation Clause. In *Crawford* and again in *Giles v. California*, 554 U.S. 353 (2008), the Supreme Court hinted that dying declarations may fall within an exception to the constitutional bar against testimonial hearsay. *See Crawford*, 541 U.S. at 56 n.6 ("Although many dying declarations may not be testimonial, there is authority for admitting even those that clearly are. . . . We need not decide

in this case whether the Sixth Amendment incorporates an exception for testimonial dying

declarations."); *Giles*, 554 U.S. at 358 (recognizing dying declarations as one of "two forms of

testimonial statements . . . admitted at common law even though they were unconfronted"). The

Michigan court's holding on Walker's Confrontation Clause challenge thus did not offend "clearly

established" law.

Lastly, Walker grounds his ineffective assistance claim on his trial counsel's failure to call

two of Baines's treating physicians who, Walker asserts, would have testified that Baines was non-

responsive and would have been unable to make the gesture identifying Walker as his shooter. As

the district court noted, however, Walker cannot establish prejudice because he failed to call either

physician at the evidentiary hearing—also known in Michigan as a "*Ginther* hearing," *see People*

*v. Ginther*, 212 N.W.2d 922 (Mich. 1973)—during his state court direct appeal:

> As an initial matter, petitioner failed to call Dr. Fowler or Dr. Navarra to testify at the
> *Ginther* hearing. Petitioner has offered, neither to the Michigan courts or to this
> Court, any evidence beyond Herbert Friedman's hearsay testimony, as to what the
> testimony of Dr. Fowler or Dr. Navarra would have been. In the absence of such
> proof, petitioner is unable to establish that he was prejudiced by counsel's failure to
> call Dr. Fowler to testify at trial, or for failing to attempt to impeach Dr. Navarra's
> trial testimony, so as to support his ineffective assistance of counsel claim. *See Clark*
> *v. Waller*, 490 3d 551, 557 (6th Cir. 2007). Because Dr. Fowler and Dr. Navarra did
> not testify at the *Ginther* hearing, this Court may not hold an evidentiary hearing to
> permit petitioner the opportunity to develop what his testimony would have been
> because he "failed" to develop the evidentiary support for this claim in state court,
> as required by 28 U.S.C. § 2254(e)(2).

We agree and affirm.